IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-656-GMS |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff Errick M. Wright ("Wright"), who proceeds *pro se* and was granted leave to proceed *in forma pauperis*, filed this lawsuit pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

## I. BACKGROUND

The complaint was filed on May 24, 2012 (D.I. 2) and amended on September 5, 2012 (D.I. 22). On March 4, 2014, the court ordered Wright to show cause why the case should not be dismissed, noting that Wright: (1) had taken no action since he propounded discovery on the defendants in January 2014 (D.I. 75, 76, 77, 78, 79); (2) failed to comply with the September 18, 2012 (D.I. 26) and July 18, 2013 (D.1. 38) orders for service that required him to complete a summons and submit the summons to the Clerk of Court for issuance when a defendant fails to return an executed waiver of service; (3) failed to file an opposition to the November 7, 2013 motion to dismiss (D.I. 67); and (4) failed to file an opposition to the May 23, 2014 motion to dismiss.

Wright timely responded to the show cause order and stated that his housing had been unstable and that he now lives with his relative, having done so since September 2013. (*See* D.I. 88.) Wright will continue to live with his relative until he "can get back on his feet." (*Id.*) In addition, Wright states that he made every attempt possible to comply with court orders but, with his uncertain housing condition and the fact that he did not have access to relevant documents, it was difficult for him to effectively present his case. He states that the documents were in a storage unit and he did not have access to retrieve them until June 2014. Wright argues that dismissal is a harsh sanction and asks that the case not be dismissed and that he be allowed to comply with all court orders and respond to all outstanding motions.

## II. STANDARD OF LAW

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Wright to dismiss the action.

*Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

## III. DISCUSSION

The court finds that the first through the fifth *Poulis* factors warrant dismissal of Wright's case. First, as a *pro se* litigant, Wright is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, the defendants are prejudiced by Wright's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). As to the third factor, there appears to be a history of dilatoriness, given Wright's failure to comply with court orders and file responses to motion filed by the defendants. Thus, the third factor weighs in favor of dismissal. As to the fourth factor, the court takes judicial notice that Wright has another case pending in this court, *Wright v. Equifax*, Civ. No. 09-612-GMS and, during the time-frame wherein he indicates difficulty in prosecuting this case (*i.e.*, September 2013 to date), he filed numerous pleadings in Civ. No. 09-612-GMS. It does not appear his housing situation constrained his ability to prosecute that case. (*See id.* at D.I. 128, 130, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 146, 147, 148, 149, 153, 154, 155, 156, 158, 159, 161, 167, 138.) The court further takes juridical notice that shortly after June 2014 (when Wright gained access to his materials in storage), he filed several motions and discovery requests on July 11, 14, 16, 25, 29 and August 8, 2014, again leading to the conclusion that he was not constrained in prosecuting his case due to materials formerly in storage. (*See id.* at 153, 154, 155, 156, 158, 159.) Wright's ability to fully prosecute Civ. No.

3

09-612-GMS during the time-frame as the one that he now asserts made it impossible for him to prosecute this case, leads to the conclusion that Wright's failure to prosecute is willful or in bad faith. Only Wright can take steps to prosecute this case.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Precluding Wright from presenting evidence at trial would have the same effect as dismissal. For the same reason, granting summary judgment in favor of the defendants or forbidding Wright from pursuing further discovery would have the same effect as dismissal. Finally, a monetary sanction is ineffective inasmuch as Wright proceeds as a *pauper*. The court finds the sixth factor, the merits of the claim, is neutral. The other five *Poulis* factors, however, weigh in favor of dismissal.

## IV. CONCLUSION

The court finds that Wright has failed to show cause why this case should not be dismissed for failure to prosecute. For the above reasons, the court will dismiss the case pursuant to D. Del. LR 41.1

An appropriate order will be entered.

March 19, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

4